IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2771-G-BN |
| | § | |
| PALLET LOGISTICS OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Land filed a *pro se* complaint that appears to allege claims of sex and disability discrimination against Pallet Logistics of America. *See* Dkt. Nos. 3, 6, 7. And Senior United States District Judge A. Joe Fish referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Land leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 8. And, to further its screening of the claims under 28 U.S.C. § 1915(e), the Court required Land to respond to a questionnaire. *See* Dkt. No. 9. Land responded. *See* Dkt. No. 10.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice.

**Background**

Although Land's complaint itself contains limited information, the undersigned sets out this background based on the complaint, responses to

interrogatories, and the records Land has filed with the Court. *See* Dkts. 3, 6, 7, 10. Land alleges that he was injured in a forklift accident on the job in December 2022 and was given a drug test the next day. *See* Dkt. No. 3 at 1. He alleges that a female coworker was not given a drug test until three days later. *See id.*; Dkt. No. 6 at 6. Land received workers' compensation related to his injury until March 31, 2023. *See* Dkt. No. 6 at 6.

Land has provided a letter from Pallet Logistics dated April 11, 2023 in response to a request for an accommodation to perform the essential functions of his position. *See* Dkt. No. 10 at 27. The letter reflects that Land provided a note from his doctor on April 4, 2023, indicating that Land "needs a sitting job where he can elevate his right leg due to inability to stand [and] move all day long," and that he was "[u]nable to pick up pallets if knee/ankle won't bend and has severe pain." *Id.* A meeting was held to discuss possible accommodations on April 6, 2023, and Land was approved for an unpaid leave of absence starting April 11, 2023. *See id.*; *see also id.* at 13 (workers' compensation form allowing return to work on February 7, 2023, with restriction of "SITTING WORK ONLY[,] NO KNEELING/SQUATTING/CLIMBING/ DRIVING FORK LIFT.").

On or about July 13, 2023, Land filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination claims based on the assertion that a female employee was treated more favorably, presumably in connection with the allegation of a different period of time between the accident and the drug test. *See* Dkt. No. 6 at 6. Land received a right-to-sue letter

in connection with that charge on July 18, 2023. *See* Dkt. No. 10 at 14.

On or about July 24, 2023, Land had knee surgery. *See* Dkt. No. 7 at 10. In August 2023, Land filed another accommodation request. *See id.* at 3-6; Dkt. No. 10 at 29-35. The medical form stated that chronic pain in Land's back, right hip, right knee, and right ankle interfered with performance of his designated job and that he could not drive, bend, or lift. *See* Dkt. No. 7 at 4. The nurse practitioner suggested that Land could perform office work. *See id.* at 6.

On or about August 30, 2023, Pallet Logistics approved an unpaid leave of absence for a year as an accommodation considering Land's "essential job functions and [their] operational necessities." *Id.* at 25. Land submitted a second charge of discrimination dated October 13, 2023, alleging that his employer refused to accommodate him after he was hit by a forklift and required surgery. *See* Dkt. No. 10 at 21-23.

Land received a right-to-sue letter for the second charge on October 25, 2024. *See id.* at 24. He filed this lawsuit on November 4, 2024.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This provision of the IFP statute "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on

its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

And for a complaint subject to judicial screening under 28 U.S.C. § 1915(e), if "'it is clear from the face of [such] a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir.

2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915[(e)]." (citations omitted))).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, No. 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would 'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**Analysis**

After receiving his first right-to-sue letter, Land had 90 days to file a civil action. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). But this action was not filed until more than a year later. And the second right-to-sue letter did not extend his time to file suit because it was not issued pursuant to a reconsideration on the merits. *See Washington v. City of Gulfport, Miss.*, 351 F. App'x 916, 918 (5th Cir. 2009) ("[T]he complainant is on notice from the date of receipt of the first dismissal letter that he has 90 days to file suit on the claims made to the EEOC, unless the second right to sue letter is issued pursuant to a reconsideration of the merits.").

Otherwise, a plaintiff could "'obliterate the ninety day limitation period by repeatedly refiling the same charge with the EEOC.'" *Id.* (quoting *Sparks v. Lowe's Home Ctr., Inc.*, 341 F. Supp. 2d 671, 674 (E.D. Tex. 2004)). But, to determine whether

any claims filed in the later charge of discrimination are also barred by the statute of limitations, "courts 'consider whether, and to what extent, the two charges differ in scope and substance.'" *Chauvin v. Town of Franklinton*, No. 24-cv-2485, 2024 WL 5125361, at *2 (E.D. La. Dec. 16, 2024) (quoting *Brown & Brown of Miss., LLC v. Baker*, No. 16-cv-327-LG-RHW, 2017 WL 5158667, at *6 (S.D. Miss. Nov. 7, 2017)) (cleaned up).

Here, the scope and substance of the two EEOC charges are sufficiently distinguishable. So, while any claims of sex discrimination relating to Land's December 2002 accident and the subsequent drug test are barred by the statute of limitations, his claim for failure to accommodate under the Americans with Disabilities Act is not.

But, as to the sex discrimination claims, "a litigant is entitled to equitable tolling of a statute of limitations" "if he establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

A plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, No. 09-cv-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010). But Land does not allege any facts to show equitable tolling. And it does not appear from the face of the complaint that equitable tolling would apply.

So Land's claims of sex discrimination relating to his December 2022 accident and subsequent drug test should be dismissed with prejudice as time-barred.

Land's remaining claim for failure to accommodate his disability requires him to "show that (1) [he] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 485 (5th Cir. 2023).

As to the third element, the documentation provided by Land shows that he was offered an accommodation – an unpaid leave of absence. *See* Dkt. No. 10 at 27; Dkt. No. 7 at 25. "'Time off, whether paid or unpaid, can be a reasonable accommodation, but an employer is not required to provide a disabled employee with indefinite leave.'" *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017) (quoting *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 481 (5th Cir. 2016)). And reassignment could also be a reasonable accommodation, "but 'the plaintiff bears the burden of proving that an available position exists that he was qualified for and could, with reasonable accommodations, perform.'" *Id.* (quoting *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007) (cleaned up)).

Although the nurse practitioner who completed the medical portion of Land's accommodation request suggested office work as a reasonable accommodation, Land has not alleged that an available position existed for which he was qualified. And the letters from Pallet Logistics suggest otherwise. *See* Dkt. No. 10 at 27 ("These accommodations are considered the most effective given your essential job functions

and our operational necessities.); Dkt. No. 7 at 25 (same).

Because the offer of an unpaid leave of absence was a reasonable accommodation and Land has not alleged sufficient facts to meet his burden to plead reassignment was a reasonable accommodation, Land's failure-to-accommodate claim should be dismissed with prejudice for failure to state a claim.

**Leave to Amend**

With respect to the recommendation to dismiss the complaint with prejudice, the time to file objections to this recommendation (further explained below) allows Land an opportunity to explain how he would cure the deficiencies identified above (that is, provide enough facts to plausibly allege a basis for equitable tolling for the claims of sex discrimination or to allege that Pallet Logistics failed to make a reasonable accommodation) and thus show the Court that this case should not be dismissed at this time and that the Court should instead grant Land leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the

district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

But, if Land fails to show that leave to amend should be granted, the Court should dismiss this case as set out in the recommendation below.

**Recommendation**

Unless Land can show that leave to amend should be granted, the Court should dismiss the complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 16, 2026



DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE